IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH GEORGE KRAMER,<br><br>Defendant. | CR 16-05-BLG-SPW-TJC-4<br><br>FINDINGS AND<br>RECOMMENDATION OF<br>UNITED STATES<br>MAGISTRATE JUDGE |

Before the Court is Defendant Kenneth George Kramer's (Kramer) Motion to Reopen Detention Hearing (Doc. 147) (the "Motion"). For the following reasons, the Court recommends that Kramer's Motion be DENIED.

**I.    Pertinent Facts**

Kramer was charged by indictment with the following crimes: Count I – conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); Count II – possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and Count III – conspiracy to commit money laundering, in violation of 18 U.S.C. § 1965(a)(1)(A)(i).   (Doc. 1 and 2.)   Counts I and II are subject to a mandatory minimum ten years to life imprisonment (Doc. 1), and carry a rebuttable

1

presumption of detention under the Bail Reform Act. 18 U.S.C. § 3142(e)(3)(A).

A warrant was issued for Kramer's arrest (Doc. 10), and he was arrested on January 27, 2016. Kramer's initial appearance was held that same day, whereupon he waived and reserved his right to a detention hearing. (Doc. 18.)

On February 16, 2016, Kramer moved the Court for a detention hearing. (Doc. 40.) The Court granted Kramer's motion and set a detention hearing for March 1, 2016. (Doc. 42.) Kramer then filed an unopposed motion to continue the detention hearing until March 7, 2016, which the Court granted. (Docs. 64 and 66.) Counsel for the United States and Kramer presented testimony and arguments with respect to Kramer's pretrial detention at the March 7, 2016, hearing. (Doc. 68.) The Court ordered that Kramer be detained. (*Id*.)

The following day (March 8, 2016), the Court entered a Detention Order Pending Trial, citing the statutory presumption in favor of detention attending Kramer's specific charges. The Court further found by clear and convincing evidence that Kramer poses a serious risk of danger to the community for the following reasons: the seriousness of Kramer's charges; Kramer's wife's testimony that Kramer uses methamphetamine "socially"; testimony indicating Kramer was heavily involved in the events giving rise to the charges against him; Kramer's continued methamphetamine use despite his employment as a heavy equipment operator and the arrests of his alleged co-conspirators; and testimony indicating

2

Kramer was belligerent, uncooperative, and obstructive toward law enforcement at the time of his arrest. (Doc. 70.)

The Court originally established March 28, 2016, as Kramer's trial date. (Doc. 22.) The trial date has been continued several times since then. (Docs. 52, 86, 114, 132, and 145.) With the exception of the initial continuance on February 24, 2016 (Doc. 52), which the Court granted *sua sponte* upon co-defendant Juan Carlos Dorado's transfer from Arizona to Montana, these continuances were all granted on motions of Kramer's alleged co-conspirators. (S*ee* Docs. 77, 112, 131, and 144.) Notably, none of the continuances have resulted from motions or actions of the United States. At this point, Kramer has been in custody for roughly fourteen (14) months.

Kramer opposed the requests for continuance dated March 15, 2016 and May 23, 2016. (Docs. 77 and 112.) However, Kramer retained new counsel in October 2016, and a notice of substitution was filed on October 5, 2016. (Doc. 128.) Kramer did not oppose a subsequent request for continuance dated November 8, 2016. (Doc. 131.) Further, while Kramer did oppose a requested continuance filed on January 6, 2017 (Doc. 144), he has requested several extensions of pretrial deadlines, including filing motions to extend the time to file pretrial motions on October 21, 2016, December 28, 2016, and as recently as March 10, 2017. (Docs 129, 140, & 155.)

## II. Discussion

Defendant presents two bases for his Motion. First, he argues information not available to him at his March 7, 2016, detention hearing justifies a renewed hearing. (Doc. 150 at 5-7.) Second, he argues his continued detention violates his Fifth Amendment right to due process. (*Id*. at 7-8.)

### A. Newly Discovered Information

Kramer's Motion is primarily based on 18 U.S.C. § 3142(f), which provides that a detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

Kramer identifies two categories of "newly discovered" information that he believes justify reopening his detention hearing. First, he cites the fact that the Court did not know, at the time it ordered him to be detained, that he ultimately would be detained for fourteen months and counting. (Doc. 150 at 7.) Kramer does not cite any authority for the proposition that the length of detention can constitute newly discovered information within the meaning of 18 U.S.C. § 3142(f). Courts that have considered the issue have found that that the length of

pretrial detention is not an appropriate basis for reopening a detention hearing under § 3142(f).   *See e.g.*, *U.S. v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989) (length of detention cannot be considered under § 3142(f) "since it is not material to the risk of flight or dangerousness"); *U.S. v. Gotti*, 776 F.Supp. 666, 669 (E.D.N.Y. 1991) (same).   *See also*, *U.S. v. Simpson*, 2010 WL 3283053 at *2 (N.D. Tex. 2010) (quoting *U.S. v. Newton*, 2009 WL 3150398 at *2 (N.D. Tex. 2009)) ("arguments regarding the length of . . . pretrial incarceration have no relevance to the magistrate judge's determination that there appears to be no condition or combination of conditions that will reasonably assure [defendant's] appearance, as required.   The detention question did not turn on how long or short the pretrial period might be, but on the magistrate judge's judgment as to the safety and reliability of releasing [the defendant] from custody").

    The same is true in this case.   The Court did not consider the potential length of Kramer's pretrial detention in determining whether he could be released pending trial.   Rather, the decision was based on the Court's judgment of the safety of releasing Kramer from custody under the factors set forth in the Bail Reform Act.   The length of pretrial detention is simply not material under § 3142(f), and the Court finds that the length of Kramer's pretrial confinement is not sufficient to reopen detention under that section.

    Next, Kramer cites the "disparate treatment" of Kramer's two co-defendants

Brett Clouse and Kevin Ferguson. (Doc. 150 at 7-8.) Essentially, Kramer maintains that he was treated unfairly relative to his alleged co-conspirators, and should be granted a new detention hearing for that reason. Again, Kramer does not cite any authority for the proposition that he is entitled to a new detention hearing based on the pretrial detention status of his co-defendants. The Court's Detention Order Pending Trial (Doc. 70) provides ample bases for Kramer's pretrial confinement. The status of a co-defendant is not an appropriate basis for determining release or detention under the Bail Reform Act, and is not relevant to any of the reasons provided in the Court's order detaining Kramer.

Accordingly, the Court should rule that Kramer has not identified any newly discovered information that would justify reopening detention under 18 U.S.C. § 3412(f).

### B. Due Process

Kramer also argues that his continued detention violates his Fifth Amendment right to due process. The United States Supreme Court has determined that pretrial detention imposed pursuant to 18 U.S.C. § 3142(f) is regulatory, not penal. *U.S. v. Salerno*, 481 U.S. 739, 746 (1987). Nevertheless, "[i]t is clear that long pretrial detentions, at least in some circumstances, can violate the Due Process Clause of the Fifth Amendment of the Constitution of the United States." *U.S. v. Ailemen*, 165 F.R.D. 571, 577 (N.D. Cal. 1996) (citing,

*inter alia*, *U.S. v. Gelfuso*, 838 F.2d 358, 359-360 (9th Cir. 1988)).

Courts faced with motions challenging pretrial detention on due process grounds "have tended to focus principally on three factors: (1) the non-speculative length of expected confinement; (2) the extent to which the government (the prosecution and/or the court system) bears responsibility for pretrial delay; and (3) the strength of the evidence indicating a risk of flight, a threat to the trial process, and/or a danger to the community."   *Id*. at 581.

In *Aileman*, it was also recognized that courts generally separate due process challenges into three categories based on the amount of time the individual defendant has been in custody.   Here, Kramer has been in custody for some fourteen months.   Kramer's current trial date is April 24, 2017 (Doc. 145), so he will have been in custody for roughly fifteen (15) months if he remains in custody until his trial – and assuming the trial is not continued again.   The instant case therefore falls within the second detention-length category, describing instances of custody "between just under a year and about two years."   *Id*. at 582.   In such cases, the court in *Aileman* found:

> courts usually examine, in some detail, all three of the main factors in the balancing approach.  In this group of opinions, however, there appears to be some (soft) correlation between the findings about the presence or absence of unnecessary delay that is chargeable to the government and the outcomes of the due process analyses.  In many (but not all) of the cases that fall into this middle group, the courts seem inclined to find a violation of the due process clause if they find that the

7

> government was responsible for substantial delay, but when the courts find that the government is not chargeable with any significant portion of the delay they are less likely to grant the defendant's motion.

*Id.* Accordingly, the Court will examine the three factors discussed above, being mindful that the trials delays in this case are not attributable to the United States.

Factor (1), the non-speculative length of expected confinement, weighs against finding a due process violation. Assuming no further continuances (and the Court cannot speculate otherwise at this point), Kramer will stand trial on April 24, 2017, well within the two-year threshold usually used to demarcate medium-term pretrial confinement from long-term pretrial confinement. *See Ailemen*, 165 F.R.D. at 582-83. While Kramer's pretrial detention has been lengthy, it is not *per* se unreasonable or a violation of due process. As Kramer acknowledges, length of pretrial detention alone will rarely offend due process. (Doc. 150 at 6 (citing *U.S. v. Millan*, 4 F.3d 1038, 1044).)

With respect to factor (2), the delays were not caused by the United States. With the exception of a the initial continuance granted *sua sponte* on February 24, 2016, all of the continuances resulted from motions filed by Kramer's alleged co-conspirators, at least one of which Kramer did not oppose on November 8, 2016. (*See* Doc. 131.) Even if the initial continuance can be chargeable to the court system, it was granted within Kramer's first month in custody, and prior to the time of his detention hearing. Since none of the ensuing delays can be reasonably

chargeable to either the court system or the United States, this factors weighs against finding a due process violation.

As to factor (3), the strength of the evidence indicating a risk of flight, a threat to the trial process, and/or a danger to the community, the Court finds that this factor also weighs against finding a due process violation. Kramer had an opportunity at his initial detention hearing to present sufficient evidence to rebut the statutory presumption in favor of his detention. He failed to do so. Kramer has not presented any new evidence that would overcome the rebuttable presumption in favor of detention, and his confinement length is not, at this point, long enough to constitute a due process violation on its own.

Accordingly, the Court should rule that Kramer's pretrial confinement has not resulted in a violation of his Fifth Amendment right to due process.

## III. Conclusion

Based on the foregoing, **IT IS RECOMMENDED** that Defendant's Motion to Reopen Detention Hearing (Doc. 147) be **DENIED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court, and copies served on opposing counsel, within fourteen (14) days after entry hereof, or

objection is waived.

DATED this 20th day of March, 2017.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge