IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 16-05-BLG-SPW-TJC-4 |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| KENNETH GEORGE KRAMER, | |
| Defendant. | |

Before the Court is Defendant Kenneth George Kramer's ("Kramer") Motion for *In Camera* Review of Sealed Documents/Transcripts (Doc. 146) (the "Motion"). Kramer's Motion is granted in part and denied in part.

"The government has an obligation under *Brady v. Maryland* to provide exculpatory evidence to a criminal defendant." *U.S. v. Blanco*, 392 F.3d 382, 387 (9th Cir. 2004) (citing *Brady v. Maryland*, 373 U.S. 83 (1963)). Exculpatory evidence under *Brady* includes evidence impeaching the testimony of a significant government witness. *See Giglio v. U.S.,* 405 U.S. 150, 153-55 (1972).

Citing *Brady*, Kramer requests "an order to review in camera, if necessary, and then unseal and produce the following materials" related to Merrill Clark Gardner, Brett Wade Clouse, and Kevin Patrick Ferguson, which materials Kramer

1

believes may contain exculpatory *Brady* evidence: (1) presentence reports ("PSRs"); (2) correspondence that any cooperating witness sent to the Court, which the Court then sealed; and (3) sealed reasons for sentences pronounced. (Doc. 146 at 1-2.)

Kramer does not include any case or docket number references with these requests, and the Court admits to some confusion as to what exactly Kramer wants the Court to include in its *in camera* review. Kramer's decision not to file a reply brief in support of his Motion further complicates the matter, as the arguments of the United States – and particularly the United States' position that at least some of the materials Kramer requests are not within its possession – remain unanswered.

**I.  PSRs**

"[A]lthough a criminal defendant has no constitutional right of access to [PSRs] themselves, he is entitled to the release of any *Brady* material or matters germane to credibility. Accordingly, the court must conduct an *in camera* review of the reports about significant witnesses or rely on an examination by the probation officer." *U.S. v. McDavid*, 2007 WL 926664, *8 (E.D. Cal. March 27, 2007) (citing *U.S. v. Stifler*, 851 F.2d 1197, 1202 (9th Cir. 1988)). Kramer's Motion therefore is granted with respect to the PSRs of Gardner, Clouse, and Ferguson.

## II. Correspondence to the Court

"While the prosecution must disclose any information within the possession or control of law enforcement personnel . . . it has no duty to volunteer information that is does not possess or of which it is unaware." *U.S. v. Chen*, 754 F.2d 817, 824 (9th Cir. 1985) (citations omitted). The United States argues that it does not have access to the sealed letters Gardner, Clouse, and Ferguson sent to the Court. (Doc. 152 at 2.) Kramer does not present any argument to the contrary. Accordingly, Kramer's Motion is denied with respect to any correspondence Gardner, Clouse, and Ferguson sent to the Court and which the Court then sealed.

If Kramer believes the Court has an independent obligation to release these letters to him, he needs to file a motion requesting such relief. The motion should contain specific citations to the docket, identifying where in the record Kramer believes such materials to exist, and specific citations to authority for the proposition that the Court – and not merely the prosecution – is obligated to release these materials.

## III. Reasons for Sentences

For reasons similar to those discussed with respect to the PSRs (§ I, *supra*), the Court will grant Kramer's Motion as it pertains to the reasons for sentences pronounced.

**IV.     Conclusion**

Based on the foregoing, Defendant's Motion for *In Camera* Review of Sealed Documents/Transcripts (Doc. 146) is GRANTED IN PART and DENIED IN PART.   Counsel for the United States shall provide to the Court the PSRs and reasons for sentences pronounced of Merrill Clark Gardner, Brett Wade Clouse, and Kevin Patrick Ferguson for *in camera* review to determine if the materials contain any exculpatory information as described by *Brady* and *Giglio*.   Kramer's Motion is denied with respect to the requested correspondence to the Court, which documents are not in the possession of the prosecution.

DATED this 23rd day of March, 2017.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge