IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH GEORGE KRAMER,<br><br>Defendant. | CR 16-05-BLG-SPW-TJC-4<br><br>**FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Defendant Kenneth George Kramer ("Kramer") has filed a Motion for In Camera Review of Sealed Documents/Transcripts. (Doc. 146.) In his motion, Kramer requests *in camera* review of certain documents relating to potential government witnesses Merrill Gardner, Brett Wade, and Kevin Ferguson, and to "unseal and produce" such documents for Kramer's review. (Doc. 146 at 1.) The Court previously entered an order in which Kramer's motion was granted in part and denied in part. (Doc. 169.) The Court denied the motion with respect to any correspondence sent to the Court by Gardner, Wade or Ferguson, which was sealed by the Court. (*Id.* at 3.) The Court granted the motion with respect to *in camera* review of the witnesses' presentence reports and the District Court's reasons for the sentences imposed. (*Id.* at 2-3.)

1

Pursuant to the Court's order, the United States provided the presentence reports and statement of reasons for Merrill Gardner and Brett Clouse. (Doc. 173.) The United States did not provide a presentence report for Kevin Ferguson, but explained that Ferguson has not been sentenced, and therefore those documents have not been prepared. (*Id*. at 1-2.)

The Court has now completed its *in camera* review, and denies Kramer's request to unseal and produce the documents for his review. The United States has represented that "the factual basis for the PSRs were drafted using discovery materials that the United States has already provided to the defendant." (152 at 2.) The Court assumes this includes any reports relative to statements and interviews provided by Gardner, Clouse or Ferguson. Therefore, Kramer already possesses all of the documents which underlie the offense conduct portions of the reports. The remainder of the reports, and the District Court's statement of reasons for its sentences, do not contain evidence which appears to exculpate Kramer. The reports also do not contain evidence which, on its face, would tend to impeach the testimony of the government's witnesses.

Nevertheless, the government has an independent, ongoing duty to disclose evidence which is favorable to Kramer under *Brady v. Maryland,* 373 U.S. 83, 87 (1963) and its progeny, whether that evidence is contained in presentence reports or otherwise. This would include any aspects of the witnesses' criminal histories,

and any statements made by the witnesses, which could be used to impeach their testimony or would be relevant to their credibility. *Giglio v. U.S.*, 405 U.S. 150, 153-155 (1972). The government's disclosure obligation also includes any rewards, promises or inducements made to any government witness in exchange for their cooperation or testimony. *United States v. Bagley*, 473 U.S. 667, 676-677 (1985).

Based on the foregoing, **IT IS RECOMMENDED** that Defendant's Motion for In Camera Review of Sealed Documents/Transcripts (Doc. 146) be **DENIED**, insofar as it requests that the Court unseal and produce any documents subject to the *in camera* review conducted pursuant to the Court's March 23, 2017, Order. (Doc. 169.)

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court, and copies served on opposing counsel, within fourteen (14) days after entry hereof, or objection is waived.

//

//

DATED this 10th day of April, 2017.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge