
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16-05-BLG-SPW-04 |
| Plaintiff, | |
| vs. | ORDER |
| KENNETH GEORGE KRAMER, | |
| Defendant. | |

Defendant Kenneth George Kramer has filed six motions *in limine*. (Docs. 158-162). He is charged with conspiracy to possess with intent to distribute methamphetamine, possession with intent to distribute methamphetamine and conspiracy to commit money laundering. (Doc. 2). Kramer's recitation of the facts in his Motions in Limine are bare and incomplete. The government provided no facts in its responses. The government objects to Kramer's motions 1-3 and 5 as premature, and asserts that motion in limine number four is moot. (*See* Docs. 175-179). As discussed below, the Court denies the motions.

I. **Legal Standard**

A motion in limine "is a procedural mechanism to limit in advance

testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). District courts have broad discretion to make evidentiary rulings conducive to the conduct of a fair and orderly trial. *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996). This wide discretion includes determinations of relevancy and weighing the probative value of proffered evidence. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). "To exclude evidence on a motion in limine the evidence must be inadmissible on all potential grounds." *BNSF Ry. Co. v. Quad City Testing Lab., Inc.*, 2010 WL 4337827, at *1 (D. Mont. 2010) (citation omitted). Finally, rulings on motions in limine are provisional and "not binding on the trial judge [who] may always change [her] mind during the course of a trial." *Id.* (citation omitted).

## II.  Discussion

### a.  Motions in Limine #1-2, 4

In Motions in Limine #1-2 and 4, Kramer does not seek to exclude any specific evidence. (Docs. 158 159, 161). Instead, Kramer makes vague arguments and generally asks this Court to enforce the Federal Rules of Evidence and the Federal Rules of Criminal Procedure. These motions are more appropriately raised via objection at trial if the government attempts to introduce evidence that may violate the Rules of Evidence. Accordingly, these motions are

denied with leave to object at trial. If Kramer believes that the government is making an improper argument or attempting to introduce inadmissible evidence, he can bring it to the Court's attention with a contemporaneous objection.

**b.     Motion in Limine #3**

In Motion in Limine #3, Kramer asks this Court to allow him to cross-examine cooperating government witnesses regarding the minimum mandatory sentences they faced but for their cooperation with the government. (Doc. 160). The government acknowledges Kramer's absolute right to cross-examine witnesses in accordance with the Federal Rules of Evidence and argues that pre-emptively admitting or denying a line of questioning by either party is premature. (Doc. 175 at 1-2). The Court agrees. The government has not objected and does not indicate that it will object should Kramer cross-examine cooperating witnesses within the parameters of the rules. The motion is also denied with leave to object at trial.

**c.     Motion in Limine #5**

In Motion in Limine #5, Kramer asks this Court to exclude various "other crimes" evidence including:

- evidence of Kramer's younger brother's drug use;

- evidence of Kramer's son's methamphetamine sales;

- evidence that Kramer manufactured and attempted to sell illegal gun silencers;

- evidence that Kramer had a meth lab in his basement and manufactured meth; and

- evidence that Kramer attempted to assault DEA Agent Robert Grayson.

(Doc. 165 at 1-2).

Rule 404(b) provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." "Rule 404(b) is 'one of inclusion which admits evidence of other crimes or acts relevant to an issue in the trial, except where it tends to prove only criminal disposition.'" *Heath v. Cast*, 813 F.2d 254, 259 (9th Cir. 1987).

Neither party provided the Court any context for assessing this particular motion, however. The Court has before it the bare bones facts of this case and the government's assertion that it "does not intend to present any evidence in violation of th[e] rules." (Doc. 179 at 1). The Court cannot apply the rules of evidence in a vacuum. Accordingly, the motion is denied with leave to object at trial.

## III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that Kramer's Motions in Limine (Docs. 158-162) are DENIED in their entirety with leave to renew at trial.

DATED this 10th day of April 2017.

SUSAN P. WATTERS
United States District Judge